UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JAMEL LENARD,

                                          Plaintiff,

        -against-

CITY OF NEW YORK, ANTONIA GIORDANO, MICHAEL
VOLPICELLA, MICHAEL MILLER, WILLIAM HAYNIA,
and JOHN and JANE DOE 1 through 10, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                                     Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

10 CV 4477 (BMC)

<u>Jury Trial Demanded</u>

Plaintiff JAMEL LENARD, by his attorneys, Leventhal & Klein, LLP, complaining of
the defendants, respectfully alleges as follows:

**<u>Preliminary Statement</u>**

1.      Plaintiff brings this action for compensatory damages, punitive damages and
attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as
said rights are secured by said statutes and the Constitutions of the State of New York and the
United States.  Plaintiff also asserts supplemental state law claims.

**<u>JURISDICTION</u>**

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the
Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff asserts
supplemental state law claims pursuant to common law and the New York State Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**<u>VENUE</u>**

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff JAMEL LENARD is a thirty-three year old African American man residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, ANTONIA GIORDANO, MICHAEL VOLPICELLA, MICHAEL MILLER, WILLIAM HAYNIA, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.  The individually named defendants are sued in their individual capacities. Defendants Miller and Haynia are also sued herein as supervisors of defendant City.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

2

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On July 4, 2009, at approximately 9:15 p.m., plaintiff was a lawful pedestrian in the vicinity of 169 Harvard Avenue, Staten Island, New York, when the defendant officers stopped plaintiff and placed over tight handcuffs on plaintiff's wrists.  The defendants refused to loosen plaintiff's handcuffs despite plaintiff's repeated requests.

13.     Thereafter, the defendants transported plaintiff to an NYPD police precinct. While in front of the precinct, a defendant officer, believed to be defendant Sergeant Michael Miller, repeatedly struck plaintiff in his abdomen and verbally harassed plaintiff.   While inside the precinct, this defendant, believed to be Miller, repeatedly pushed plaintiff to the ground while he was handcuffed and repeatedly verbally harassed plaintiff.

14.     The defendants unlawfully imprisoned plaintiff until his arraignment on docket no. 2009RI006600; said charges having been filed based on the false allegations of the defendant GIORDANO. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned acts of brutality and abuse of authority.  On November 18, 2009, the charges filed against plaintiff were adjourned in contemplation of dismissal and were subsequently dismissed and sealed.

15.     All of the above occurred while other defendant NYPD officers who were present or otherwise aware of the incident failed to intervene in the illegal conduct described herein.

16.     All of the above occurred as a direct result of the unconstitutional policies,

3

customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiff based on his race.

17.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force; improperly abuse their authority to arrest individuals and commit perjury or manufacture evidence or otherwise engage in falsification to convict such individuals.

18.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

19.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

20.     As a result of the foregoing, plaintiff JAMEL LENARD sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

4

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. § 1983)

21.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "20" with the same force and effect as if fully set forth herein.

22.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

23.     All of the aforementioned acts deprived plaintiff JAMEL LENARD, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

24.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

25.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

26.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28.     Defendants arrested plaintiff JAMEL LENARD without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

29.     Defendants caused plaintiff JAMEL LENARD to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

30.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff JAMEL LENARD'S constitutional rights.

32.     As a result of the aforementioned conduct of defendants, plaintiff JAMEL LENARD was subjected to excessive force and sustained physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants maliciously issued criminal process against plaintiff JAMEL LENARD by causing him to appear in Richmond County Criminal Court.

35.     Defendants caused plaintiff JAMEL LENARD to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     The defendants seized, assaulted, battered detained, arrested and imprisoned plaintiff JAMEL LENARD, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

38.     As a result of the foregoing, plaintiff JAMEL LENARD was deprived of his rights under the Equal Protection Clause of the United States Constitution.

## AS AND FOR AN SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants had an affirmative duty to intervene on behalf of plaintiff JAMEL LENARD, whose constitutional rights were being violated in their presence by other officers.

41.     The defendants failed to intervene to prevent the unlawful conduct described herein.

42.     As a result of the foregoing, plaintiff JAMEL LENARD was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained without probable cause.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

7

paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     The supervisory defendants, including defendants Miller and Haynia, personally caused plaintiff JAMEL LENARD'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, falsely arresting individuals and then committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff JAMEL LENARD'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, promote, compensate, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

48.     The foregoing customs, policies, usages, practices, procedures and rules of the

8

City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JAMEL LENARD.

49.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JAMEL LENARD as alleged herein.

50.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JAMEL LENARD as alleged herein.

51.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JAMEL LENARD was seized, subjected to excessive force, falsely arrested and imprisoned.

52.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JAMEL LENARD'S constitutional rights.

53.     All of the foregoing acts by defendants deprived plaintiff JAMEL LENARD of federally protected rights, including, but not limited to, the right:

        A.      Not to be deprived of liberty without due process of law;

        B.      To be free from the use of excessive force and/or the failure to intervene;

        C.      To be free from seizure and arrest not based upon probable cause;

        D.      To be free from malicious abuse of process;

        E.      To be free from false imprisonment/arrest;

        F.      To receive equal protection under law.

54.     As a result of the foregoing, plaintiff JAMEL LENARD is entitled to

9

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,

presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts

and information required under the General Municipal Law 50-e.

57.     The CITY OF NEW YORK has wholly neglected or refused to make an

adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation

of such claim as aforesaid.

58.     This action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

59.     Plaintiff has complied with all conditions precedent to maintaining the instant

action.

60.     This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants arrested plaintiff without probable cause.

63.     Plaintiff was detained against his will for an extended period of time and

10

subjected to physical restraints.

64.     As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

65.     As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     As a result of the foregoing, plaintiff JAMEL LENARD was placed in apprehension of imminent harmful and offensive bodily contact.

68.     As a result of defendants' conduct, plaintiff JAMEL LENARD has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendants made offensive contact with plaintiff without privilege or consent.

71.     As a result of defendants' conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants issued criminal process against plaintiff by causing him to be arrested, and requiring his appearance in Richmond County Criminal Court.

74. Defendants compelled plaintiff's appearance to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

77. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

78. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

79. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

80. As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

12

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

83.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

84.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of and excessive use of force against plaintiff.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

13

described herein.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

94.     As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

14

**WHEREFORE**, plaintiff JAMEL LENARD demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages in an amount to be determined by a jury;

(C)   reasonable attorney's fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       March 9, 2011

                              LEVENTHAL & KLEIN, LLP
                              45 Main Street, Suite 230
                              Brooklyn, New York 11201
                              (718) 722-4100

                              By:   _____
                                    BRETT H. KLEIN (BK4744)

                              Attorneys for Plaintiff JAMEL LENARD

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JAMEL LENARD,

                                  Plaintiff,

          -against-

CITY OF NEW YORK, ANTONIA GIORDANO, MICHAEL
VOLPICELLA, MICHAEL MILLER, WILLIAM HAYNIA,
and JOHN and JANE DOE 1 through 10, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

--------------------------------------------------------------------------------X

10 CV 4477 (BMC)


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100